IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DOUGLAS RAY MILLER,                )
                                   )    Civil No. 05-440-MO
          Petitioner,              )
                                   )
     v.                            )
                                   )
OREGON BOARD OF PAROLE AND         )
POST-PRISON SUPERVISION,           )    OPINION AND ORDER
                                   )
          Respondent.              )

     Anthony D. Bornstein
     Assistant Federal Public Defender
     101 S.W. Main Street, Suite 1700
     Portland, Oregon 97204

          Attorney for Petitioner

     Hardy Myers
     Attorney General
     Jonathan W. Diehl
     Assistant Attorney General
     Department of Justice
     1162 Court Street NE
     Salem, Oregon 97310

          Attorneys for Respondent


     1 - OPINION AND ORDER

MOSMAN, District Judge.

Petitioner brings this habeas corpus case pursuant to 28 U.S.C. § 2254.  He seeks to challenge a decision by the Oregon Board of Parole and Post-Prison Supervision ("Board") finding that he is not likely to be rehabilitated within a reasonable time.  For the reasons which follow, the Amended Petition for Writ of Habeas Corpus (#33) is denied.

## BACKGROUND

In 1982, petitioner contracted to have his wife murdered.  A jury convicted petitioner of Aggravated Murder, leading to an indeterminate life sentence with a 30-year minimum term.  Respondent's Exhibit 101.  Such a sentence in Oregon contemplated a murder review hearing following the service of 20 years in prison.  ORS 163.105(3).  The purpose of such a hearing is to determine if the prisoner is likely to be rehabilitated within a reasonable period of time.  If the Board made such a finding, it could convert the sentence to life imprisonment with the possibility of parole, or establish a date for release to post-prison supervision or work release.

Prior to petitioner's rehabilitation hearing, Dr. John B. Cochran performed a psychological evaluation of petitioner.  He found that on two different tests, petitioner fit the profile of individuals who "may be denying or minimizing any psychological problems."  Respondent's Exhibit 107, p. 42.  Petitioner did,

however, score low for risk of violence, and Dr. Cochran concluded that "there is a reasonable probability that Douglas will remain in the community without violating the law, and there's a substantial likelihood that he will conform to the conditions of his parole." *Id* at 46. Dr. Cochran also concluded that petitioner "does not have a mental or emotional disturbance, defect, or disorder predisposing him to the commission of a crime to a degree rendering him a danger to society. Research would indicate that he would be a low risk to recidivate violently." *Id* at 47.

Dr. Cochran submitted his evaluation to the Board for consideration during its murder review hearing. Petitioner supplemented this evaluation with evidence showing the absence of any negative disciplinary reports while incarcerated, and further offered documentation showing that he had used his time in prison to earn both his Bachelor's and Master's degrees. *Id* at 45. He also included several letters which he authored in 1993 to the District Attorney for Marion County, an Assistant Attorney General for the State of Oregon, the District of Oregon's Clerk of Court, and the family of the victim. Respondent's Exhibits 102-105. In these letters, petitioner admitted his guilt, abandoned his remaining appeals, and asked the victim's family for forgiveness.

The Board conducted petitioner's rehabilitation hearing on April 24, 2002, and unanimously concluded that petitioner was not likely to be rehabilitated within a reasonable period of time.

Respondent's Exhibit 107, p. 195.  Petitioner sought administrative review of this decision, and the Board issued an administrative review response which reads, in relevant part, as follows:

> You allege that there was insufficient evidence in the record to support the board's finding.  This is incorrect.  It was your burden of proof to show by a preponderance of the evidence that you were likely to be rehabilitated within a reasonable period of time.  * * * After considering all of the evidence presented at the hearing, the board concluded that you are not taking responsibility for the crime in a way that would show that you are likely to be rehabilitated within a reasonable period of time.  You arranged for your wife to be killed so that you could get the insurance money.  You also did not want to pay for the expenses that a divorce would involve.  You minimized your involvement in the crime during the hearing by denying that it was your intent that the murder be carried out.  The board is to consider the totality of the circumstances and the evidence presented at the murder review hearing before making its decision.  When all of this was taken into consideration, the board felt that you had not satisfied your burden.  Your conduct in the institution has be very good in that you have not received any disciplinary violations and you have furthered your education to insure that you will be productive once you have been released into society.  However, it was the board's position that you have not fully accepted responsibility for your crime by engaging in programming that would address those concerns that caused you to commit this crime rather than furthering your academic education.  It is in the board's discretion, after applying the rules in effect at the time you committed your crime, whether or not you are likely to be rehabilitated within a reasonable period of time.  The board did not abuse its discretion when it made the decision in your case.

Respondent's Exhibit 106.

Petitioner next sought relief in the Oregon Court of Appeals, but that court affirmed the Board's decision without a written opinion, and the Oregon Supreme Court denied review.  *Miller v.*

*Board of Parole and Post-Prison Supervision*, 194 Or.App. 327, 95 P.3d 756 (2004), *rev. denied*, 338 Or. 124, 108 P.3d 1173 (2005).

On November 29, 2006, petitioner filed his Amended Petition for Writ of Habeas Corpus in which he raises a single claim.  He contends that the Board violated his right to due process because its decision regarding the likelihood of his rehabilitation was not supported by "some evidence."  Respondent asks the court to deny relief on the Amended Petition because the due process claim is procedurally defaulted and without merit.  Because petitioner's due process claim fails on its merits, the court declines to decide the exhaustion issue.  *See* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the state.").

<u>**DISCUSSION**</u>

**I.    Standard of Review**

An application for a writ of habeas corpus shall not be granted unless adjudication of the claim in state court resulted in a decision that was: (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d).  A state court's findings of fact are presumed correct, and petitioner

bears the burden of rebutting the presumption of correctness by clear and convincing evidence.  28 U.S.C. § 2254(e)(1).

A state court decision is "contrary to . . . clearly established precedent if the state court applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases" or "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [that] precedent." *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). Under the "unreasonable application" clause, a federal habeas court may grant relief "if the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id* at 413. The "unreasonable application" clause requires the state court decision to be more than incorrect or erroneous. *Id* at 410. The state court's application of clearly established law must be objectively unreasonable. *Id* at 409.

When a state court reaches a decision on the merits but provides no reasoning to support its conclusion, the federal habeas court must conduct an independent review of the record to determine whether the state court clearly erred in its application of Supreme Court law. *Delgado v. Lewis*, 223 F.3d 976, 982 (9th Cir. 2000). In such an instance, although the court independently reviews the

6 - OPINION AND ORDER

record, it still defers to the state court's ultimate decision. *Pirtle v. Morgan*, 313 F.3d 1160, 1167 (9th Cir. 2002).

## II. Analysis

In *Superintendent v. Hill*, 472 U.S. 445 (1985), the Supreme Court held that due process during a prison disciplinary hearing requires that "some evidence" exist to support the findings made during such a hearing. *Id* at 455. The "some evidence" standard also applies to parole hearings, *McQuillon v. Duncan*, 306 F.3d 904 (9th Cir. 2002), and is met where "there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455-56. Petitioner will prevail if the record in this case is "so devoid of evidence that the findings of the . . . board were without support or otherwise arbitrary." *Id* at 457.

Petitioner asserts that the Board's conclusion following the murder review hearing was not supported by any evidence in the record. A review of the record in this case reveals that Dr. Cochran's evaluation was not entirely positive. It showed evidence that petitioner might be denying or minimizing his psychological problems. Respondent's Exhibit 107, p. 42. Indeed, as petitioner recognizes in his briefing, Dr. Cochran "stated that [petitioner] might have compromised his honesty on some of his responses." Memo in Support (#44), p. 4.

The circumstances of the crime provide additional support for the Board's decision. *See Jancsek v. Oregon Bd. of Parole*, 833 F.2d 1389 (9th Cir. 1987) (relying on circumstances surrounding the initial crime to uphold Board's decision). Petitioner's initial motivation to have his wife murdered appears to be that his wife was preparing to leave him, and he felt that he "[could not] afford another divorce" and murder "provide[d] a solution to the expensive divorce." Respondent's Exhibit 107, pp. 162, 172. In order to pay the hitman the promised $10,000 fee, petitioner planned to utilize the funds from an insurance policy on his wife's life. *Id* at 15. The Board was also presented with evidence that the crime showed considerable premeditation on petitioner's part since the hired killer backed out on three different occasions, one of which was apparently intended to be a triple homicide involving the victim, her mother, and petitioner's son. *Id* at 15, 184, 186.

Finally, petitioner's unwillingness to accept any responsibility for his crimes until 1993 (a time span which arguably provided him with ample opportunity to challenge his conviction on appeal) constitutes additional evidence that might make the Board reticent to declare petitioner likely to be rehabilitated at the earliest possible time it could do so. The Board also noted that while petitioner had taken a great deal of academic classes, he had not adequately availed himself of the opportunities available to him to deal with his violent tendencies.

Respondent's Exhibit 106.  The fact that petitioner is performing well in custody does not compel the finding that there is no basis upon which to deny his request for parole status.  *See Biggs v. Terhune*, 334 F.3d 910, 912, 916 (9th Cir. 2003) (upholding denial of parole based solely on the gravity of the offense and conduct prior to imprisonment).  Because there is certainly "some evidence" supporting the Board's decision, the state court decisions denying relief on petitioner's due process claim did not involve unreasonable applications of clearly established Supreme Court precedent.

<u>**CONCLUSION**</u>

For the reasons identified above, the Amended Petition for Writ of Habeas Corpus (#33) is DENIED, and this case is DISMISSED with prejudice.

IT IS SO ORDERED.

DATED this __27__ day of November, 2007.


   /s/Michael W. Mosman
         Michael W. Mosman
         United States District Judge

9 - OPINION AND ORDER